FILED
Clerk
District Court

JAN 24 2019

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| REYNALDO ATRERO MANILA,<br><br>    Plaintiff,<br><br>  v.<br><br>CNMI DEPARTMENT OF CORRECTIONS, ROBERT GUERRERO, JOSE K. PANGELINAN, and GEORGIA M. CABRERA,<br><br>    Defendants. | Case No.: 18-cv-00003<br><br>**ORDER:**<br><br>**(1) GRANTING CNMI'S MOTION TO CORRECT MISJOINDER AND MOTION TO DISMISS; AND**<br>**(2) GRANTING DEFENDANT CABRERA'S MOTION FOR A MORE DEFINITE STATEMENT** |

## I.    INTRODUCTION

Before the Court is the Commonwealth of the Northern Mariana Islands' Motion to Correct Misjoinder Pursuant to Fed. R. Civ. P. 21 and Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), ("MTD," ECF No. 15), and Defendant Georgia M. Cabrera's Motion for a More Definite Statement (ECF No. 13). For the reasons stated herein, the Motion to Correct Misjoinder and Motion for a More Definite Statement are granted. The Motion to Dismiss is also granted, although not on grounds of sovereign immunity, as the Commonwealth urges, but because the Commonwealth is not a "person" within the meaning of 42 U.S.C. § 1983.

## II.    FACTUAL ALLEGATIONS

In his Amended Complaint (Apr. 2, 2018, ECF No. 5), pro se plaintiff Reynaldo Manila, an inmate in the CNMI Department of Corrections ("DOC"), alleges that DOC officers unreasonably delayed in sending him off-island for eye surgery – first for retinal detachment of his left eye, then for

cataracts in his right eye. (Am. Compl. at 3–4.) In September 2016 Manila was told that Acting Commissioner Georgia Cabrera was aware of his condition but refused to approve the surgery because his condition was not life-threatening. (*Id.* at 4–5.) He alleges that while on work assignments Cabrera harassed him and wrongly disciplined him. (*Id.* at 6.) Even after a Saipan eye doctor for a third time urged cataract surgery in July 2017, Cabrera refused. (*Id.* at 6–7.) When Commissioner Vince Attao approved the surgery in August 2017, Cabrera disagreed. (*Id.* at 7.) In October 2017, Cabrera refused to issue Manila extra toilet paper, which he needed to wipe his eye. (*Id.* at 8.) In November 2017, he grieved mistreatment by Cabrera to Commissioner Attao. (*Id.*) In January 2018, Manila had eye surgery in Guam, performed by a doctor at Pacific Retinal. (*Id.* at 9.) Subsequent medical reports indicated that the overall prognosis for his vision was only slight improvement. (*Id.* at 10.) Manila complains that the delays in treatment caused by Cabrera and other DOC officials may result in his permanent blindness and have caused him prolonged pain and suffering. (*Id.* at 10–11.) He prays for "general, consequential and compensatory damages" in an unspecified amount. (*Id.* at 11.)

### III. PROCEDURAL POSTURE

Soon after the Commonwealth and Defendant Cabrera filed their motions on April 27, 2018, Manila requested that the Court appoint counsel to represent him (May 15, 2018, ECF No. 19), and the Court granted his request (Order, June 4, 2018, ECF No. 20). An appointment was made, and after several extensions of time stipulated to by counsel for all parties, appointed counsel moved to withdraw (Oct. 5, 2018, ECF No. 30). After a hearing, the Court granted the motion from the bench, denied Manila's oral request to appoint another attorney, and ordered that once Manila filed a written response the pending motions would be taken under advisement without oral argument, pursuant to

Local Rule 7.1(a)(2) (Minute Entry, Oct. 11, 2018, ECF No. 31).

On November 13, 2018, the Court received Manila's Response to all the motions. (Response at 1, ECF No. 32.) Neither the CNMI nor Defendant Cabrera filed a reply.

### IV.     LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for lack of subject matter jurisdiction. Rule 12(b)(1) motions are either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack does not challenge the veracity of the plaintiff's allegations, but instead asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). Conversely, a defendant bringing a factual attack disputes the truthfulness of allegations that would otherwise invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. In factual attacks, the district court may review evidence beyond the complaint, and need not presume the truthfulness of the plaintiff's allegations. *Id.* (citations omitted). Here, Defendants raise a facial attack. (Memorandum of Law in Support of Motion to Dismiss, "MTD Memo.," at 8, ECF No. 15-1.)

Before filing a responsive pleading, a party "may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement "attacks the unintelligibility of the

complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the claimant." *Neveu v. City of Fresno,* 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). Such motions "are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.,* 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Those requirements are: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

## V. DISCUSSION

### A. Motion to Correct Misjoinder

The CNMI asserts that its Department of Corrections lacks the capacity to sue and be sued, and that DOC therefore is not a proper party to this action. (MTD Memo. at 9–12) Invoking Rule 21 of the Federal Rules of Civil Procedure, it asks the Court to drop DOC from the lawsuit and to add the CNMI as a proper party defendant. (*Id.* at 12.)

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Capacity to sue or be sued is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). The Commonwealth maintains that only those government entities whose enabling legislation has expressly granted them the right to sue and be sued enjoy that capacity. (MTD Memo. at 10.) The Court agrees, having recently analyzed this issue in a different case involving a Commonwealth department, *Norita v. CNMI Department of Public Safety:*

> A waiver of sovereign immunity is no small act. It is fair to infer that the CNMI legislature considered whether agencies should retain immunity when creating them. Moreover, such a waiver must be unequivocal, either in express language or "by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Ramsey v. Muna,* 849 F.3d 858, 860–61 (9th Cir. 2017) (quoting *Edelman v. Jordan,* 415 U.S. 651, 673 (1974)). The Commonwealth Supreme Court also acknowledged a distinction between "sue and be sued" agencies and those that are not "sue and be sued*." Marine Revitalization Corporation v. Department of Land and Natural Resources (Marine Revitalization II),* 2011 MP 2 ¶ 17. Neither party has pointed to, nor has this Court found, any instance in the Commonwealth Code in which an agency is expressly denied the capacity to sue or be sued. If there are two distinct groups of agencies, those with capacity and those without, it follows that legislative silence was intended to mean an agency lacks the capacity to sue and be sued.

Decision and Order Substituting CNMI, No. 1:18-cv-00022, at 16 (Jan. 10, 2019, ECF No. 15).

Because CNMI law has not given DOC the capacity to sue and be sued, Manila cannot prosecute an action against that department. The Court agrees with the CNMI that the proper party is the Commonwealth, and so it will be added as a defendant and the caption will be amended accordingly. (MTD Memo. at 9.)

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Commonwealth, now substituted for the Department of Corrections, asserts that it and the official capacity defendants enjoy "sovereign immunity against suits for damages in federal court" and must, therefore, be dismissed from this action. (Memo. at 14.) We first examine the extent of the Commonwealth's sovereign immunity generally, and then consider other factors bearing on whether the Court has subject matter jurisdiction.

1. <u>The Commonwealth's Sovereign Immunity</u>

Sovereign immunity is the immunity of a sovereign government or entity from being sued without its consent. *United States v. Oregon,* 657 F.2d 1009, 1014 n.12 (9th Cir. 1981). It applies as

well when government officers are sued because of conduct that occurred while they were acting in their official capacity, as such lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Official capacity defendants may assert sovereign immunity, because in essence the government is being sued. *Lewis v. Clarke*, __ U.S. __, 137 S.Ct. 1285, 1291 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.").

Because of sovereign immunity, "the Commonwealth may not be sued without its consent on claims arising under its own laws." *Ramsey v. Muna,* 849 F.3d 858, 861 (9th Cir. 2017). However, in *Fleming v. Department of Public Safety* (1988), the Ninth Circuit held that the Commonwealth had waived its sovereign immunity in federal court with respect to "suits in federal court arising under federal law." 837 F.2d 401, 407. The vitality of this holding, based on the determination that the Eleventh Amendment of the Constitution does not apply in the Commonwealth, was confirmed as recently as two years ago. *See Ramsey,* 849 F.3d at 859.

The Commonwealth acknowledges *Fleming* but asserts that it was incorrectly decided and that "the law has now developed to the point where *Fleming* must be overturned." (Memo. at 14–15.) It points to intervening Supreme Court decisions, such as *Alden v. Maine,* 527 U.S. 706 (1999), and *Virginia Office for Protection and Advocacy v. Stewart,* 563 U.S. 247 (2011), that recognize a source of sovereign immunity independent of the Eleventh Amendment. This Court itself has questioned the

analysis in *Fleming,* in light of developments in sovereign immunity jurisprudence, but has refused to depart from its holding. *See Christian v. N. Mariana Islands,* No. 1:14-cv-00010, 2015 WL 1943773 (D. N. Mar. I. Apr. 24, 2015). *Fleming* is a published, precedential decision of the Ninth Circuit. Circuit precedent must be followed as long as it is not "clearly irreconcilable with the reasoning or theory of intervening higher authority[.]" *Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir. 2003). In *Norita v. Northern Mariana Islands,* the Ninth Circuit examined the reasoning of *Alden* and determined that it did not undermine *Fleming.* 331 F.3d 690, 696 (9th Cir. 2003) ("We have found no closely-on-point intervening Supreme Court decision undermining *Fleming's* holding that CNMI is not entitled to an Eleventh Amendment defense [or] any Ninth Circuit authority questioning *Fleming's* further holding that the CNMI, at least be implication, waived any common law sovereign immunity when it ratified the Covenant."). Since *Norita* and *Christian,* there have been no new decisions from the Supreme Court or from the Ninth Circuit sitting *en banc* that cannot be reconciled with *Fleming.* Hence, this Court "may not reconsider *Fleming* and declare it overruled by implication." *Id.* at 696–97.

### 2. Other Factors Bearing on Subject Matter Jurisdiction

Although the Commonwealth does not enjoy sovereign immunity from suit in federal court on federal claims, it is immune from suit on claims arising under Commonwealth law unless it expressly waives immunity. *Ramsey,* 849 F.3d at 860–61. By statute, the CNMI has consented to be sued on Commonwealth claims only in the Commonwealth's own trial court, which is vested with "exclusive original jurisdiction[.]" 7 CMC (N. Mar. I. Code) § 2251; *see Ramsey,* 849 F.2d at 861. In his Amended Complaint, Manila does not state whether he brings his claims under Commonwealth law or federal

law (or both). This omission is not fatal, for in a complaint a plaintiff is "not required to state the statutory or constitutional basis for his claim, only the facts underlying it." *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir. 1990), *superseded by rule on other grounds as stated in Harmston v. City and Cty. of San Francisco,* 627 F.3d 1273 (9th Cir. 2010). Still, any Commonwealth civil rights claim that Manila might assert would have to be dismissed for lack of subject matter jurisdiction.

Also, any federal civil rights claim for damages that Manila has under the Civil Rights Act of 1964 may not proceed against the Commonwealth or official capacity defendants. Only a "person" can be "liable to the party injured" for a Civil Rights Act violation. 42 U.S.C. § 1983. States and state officers acting within their official capacities are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). The CNMI and its officers, when acting in their official capacities, are likewise immune from suit for damages under § 1983. *DeNieva v. Reyes,* 966 F.2d 480, 483 (9th Cir. 1992).

In his handwritten Response, Manila stated: "I, (manila) bringing this action in their official capacity under 42 U.S.C. 1983 and under the Eighth and Fourteenth Amendments of the United States Constitution." (Response at 1.) Here, Manila appears to be responding to Defendant Cabrera's request for a more definite statement of the legal source of his claim and the capacity in which she is being sued. He does not claim violation of any Commonwealth law, and none is apparent from the allegations. In his Amended Complaint, as noted earlier, he made it clear he is seeking only damages, not injunctive relief. Because the Commonwealth and any official capacity defendants are immune from suit for damages under § 1983, the claim against them must be dismissed for lack of subject

matter jurisdiction.

With the Commonwealth and the DOC officials sued in their official capacities dismissed from the lawsuit, there remains only the question whether the case continues against the officials in their individual capacities. In his Response, Manila seems to be limiting the action against them to "their official capacity." (Response at 1.) However, if not for this explicit language, the Court would have to assume Manila is suing the named officials in their *individual* capacities. "Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities. Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho,* 42 F.3d 1278, 1284 (9th Cir. 1994). Manila was not represented by counsel at the time he filed his Response. He may not have understood that just because the conduct occurred while the officials were on the job or wearing a uniform does not necessarily mean that the lawsuit can only be maintained against them in their official capacities. Furthermore, the fact that he has not requested injunctive relief, which would be available against official capacity defendants, suggests a disconnect between the true nature of the action and the legal terminology Manila has used. Ultimately, the capacity in which a defendant is being sued arises not from formulaic phrases but from "the basis of the claims asserted and the nature of the relief sought[.]" *Central Reserve Life of N. America Ins. Co. v. Struve,* 852 F.2d 1158, 1161 (9th Cir. 1988). Here, the Amended Complaint clearly describes deliberate indifference to serious medical needs, even if it doesn't say so in so many words. The claim and relief sought equally and clearly signal that the named officials are sought to be held personally liable for their actions.

For that reason, the Court will not dismiss Defendants Guerrero, Pangelinan, and Cabrera from the lawsuit at this juncture. The Court will, however, grant Defendant Cabrera's motion for a more definite statement and order Manila to file a second Amended Complaint supplying the missing information. Sufficient information is already contained in the opening three paragraphs of the Response, which in addition to capacity identifies a cause of action (§ 1983), Manila's place of residence (CNMI DOC) and citizenship (Republic of the Philippines), source of federal jurisdiction (28 U.S.C. §§ 1331 and 1343(a)), and venue (28 U.S.C. § 1391(b)). All that Defendant Cabrera and the Court need to know is whether Manila wishes to incorporate these assertions into his amended pleadings, and if he really means to sue the named DOC officials only in their official capacities.

## VI. CONCLUSION

Because the Department of Corrections lacks the capacity to sue or be sued, it is dismissed from this action as a defendant and the Commonwealth of the Northern Mariana Islands is substituted for it.

The Commonwealth is not immune from suit for damages in federal court. However, because the Commonwealth enjoys immunity from suit for damages specifically under 42 U.S.C. § 1983, the only claim on the face of the Amended Complaint, it is dismissed from this case. For the same reason, Defendants Robert Guerrero, Jose Pangelinan, and Georgia Cabrera may not be sued in their official capacities. However, they may be sued in their individual capacities.

WHEREFORE:

(1) The Commonwealth's Motion to Correct Misjoinder is GRANTED. The Clerk is directed to substitute the Commonwealth of the Northern Mariana Islands for the CNMI

Department of Corrections in the caption.

(2) The Commonwealth's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED. The CNMI and Defendants Guerrero, Pangelinan, and Cabrera *in their official capacities* are dismissed from this action. Because amendment would be futile, the dismissal is with prejudice.

(3) Defendant Cabrera's Motion for a More Definite Statement is GRANTED. Plaintiff Manila must file a Second Amended Complaint **no later than February 21, 2019,** supplying the information previously described. A Second Amended Complaint placed in outgoing prison mail by February 21, 2019, will be considered timely filed even if the Clerk receives it after that date.

IT IS SO ORDERED this 24th day of January, 2019.

RAMONA V. MANGLONA
Chief Judge