FILED
Clerk
District Court
MAY 10 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| REYNALDO A. MANILA, | Civil Case No. 1:18-cv-00003 |
| Plaintiff, | |
| vs. | **DECISION RE: MAGISTRATE JUDGE'S JURISDICTION, AND** |
| ROBERT A. GUERRERO, JOSE K. PANGELINAN, and GEORGIA M. CABRERA, all in their personal capacities. | **BRIEFING ORDER RE: CNMI'S MOTION TO INTERVENE AND PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL** |
| Defendants. | |

On March 26, 2021, the Court issued an Order directing the parties to prepare to discuss the CNMI Office of the Attorney General's ("OAG") motion for limited appearance in this matter (ECF No. 114), and Magistrate Judge Heather L. Kennedy's jurisdiction over a conflict of interest issue that arose during settlement discussions. (ECF No. 118.) A hearing was held three days later, at which time the Court converted the CNMI OAG's motion for limited appearance to a motion to intervene based on Federal Rule of Civil Procedure 24. The Court ordered Plaintiff to file a motion to disqualify Defendants' attorneys based on the alleged conflict of interest issue, and further directed the parties to respond and reply with the understanding that the CNMI OAG is moving to intervene in this matter. Although the undersigned has since assumed authority to decide the conflict of interest issue in this case, the Court now issues this decision addressing the scope of the magistrate judge's authority.

### I.     PROCEDURAL BACKGROUND

In February 2018, Plaintiff Reynaldo A. Manila ("Manila") filed this 42 U.S.C. § 1983 claim against Defendants who are CNMI Department of Corrections officials, all being sued in their personal capacities. (*In Forma Pauperis* Application, ECF No. 1.) Settlement conferences were scheduled and as reflected in various docket entries, these conferences were to take place before

Judge Kennedy. (*See* First Amended Scheduling Order, ECF No. 94 (docket entry listing Judge Kennedy); Second Amended Scheduling Order, ECF No. 98 (same); Third Amended Scheduling Order, ECF No. 101 (same); *see also* Docket Entry at January 27, 2021.)

A Third Amended Scheduling Order was issued over two years later in 2020. (ECF No. 101.) Settlement conferences were had, and it was during these conferences that Manila's private attorneys, Bruce L. Berline and William M. Fitzgerald, pointed out a potential conflict of interest on the part of Defendants' attorneys, CNMI Assistant Attorneys General Jose P. Mafnas, Jr. and Leslie A. Healer ("AAGs"). Specifically, the AAGs indicated that the CNMI Office of the Attorney General's position was that CNMI law precluded the indemnification of CNMI-government employees if sued in their personal capacity. As a result, Manila's counsel raised the potential conflict of interest on the part of the AAGs. Thus, the question became whether—in view of the Attorney General's interpretation of CNMI law—the AAGs could represent Defendants as zealous advocates when those AAGs will not advocate for the CNMI to indemnify their clients. On February 12, 2021, Judge Kennedy issued an Order directing the parties to address the potential conflict of interest in the AAG's representation of Defendants. (ECF No. 104.)

The CNMI OAG subsequently filed an initial Notice of Limited Appearance (ECF No. 107), concurrent with a brief on behalf of the OAG stating: "As this matter concerns a general policy of the [OAG] and the [CNMI], the [CNMI] has appeared in this case by and through its Civil Division Chief and Chief Solicitor. This appearance is for the limited purpose of addressing the conflict issue with the Court." (OAG Br. 6, ECF No. 108.) In effect, the AAGs would continue to represent Defendants in their personal capacities, and the OAG would represent the CNMI Government in enforcing the OAG's interpretation of the CNMI's indemnification laws. Judge Kennedy then held a status conference where she noted that the OAG would need to file a formal motion to intervene or a motion to appear as amicus curiae because the CNMI was not formally a party in this matter. The OAG did not file a motion to intervene or to appear as amicus curiae but filed a motion for limited appearance concurrent with a brief arguing as much. (ECF Nos. 114, 115.) Plaintiff timely replied opposing the OAG's appearance. (Opposition re Appearance, ECF No. 117.)

Manila's attorneys, the AAGs, and the OAG were ordered to appear before the undersigned on March 29, 2021 to address two issues: (1) the propriety of the OAG's appearance in this matter,

and (2) Judge Kennedy's jurisdiction over the conflict of interest inquiry. (Order, ECF No. 118.) Although the Court specifically reserved the conflict of interest issue for a later date, all three groups argued each of the three issues, including the AAGs' alleged conflict of interest.

## II. DISCUSSION

The CNMI OAG objects to Judge Kennedy's oversight of these settlement proceedings for two reasons: (1) Judge Kennedy was never designated to preside over a conflict of interest matter, and (2) the parties did not consent to her presiding over such matters. They claim that a magistrate judge's jurisdiction is "*strictly circumscribed* by the requirement that they be designated by the district court to exercise jurisdiction over a matter and that the parties consent to the exercise of that jurisdiction." (OAG Br. 7, ECF No. 108 (emphasis added).) The OAG represents that "Judge Manglona has not entered a designation assigning the entirety of this matter to [Judge] Kennedy … and [she] ha[s] been assigned to handle the settlement conference and related issues without a specific designation[.]" (*Id*. at 8.) As the parties have only "consented to a settlement conference 'at the Court's convenience,'" (*id*. at 10), the conflict of interest issue "is far outside the scope of this designation (*id*. at 9)."

The statutory authority of United States magistrate judges is set forth in the Federal Magistrates Act of 1968, Public Law No. 90-678, as amended. 28 U.S.C. § 636 specifically designates a magistrate judge's jurisdiction, powers, and temporary assignment. Within Section 636's various grants of jurisdictional authority to magistrate judges are several categories and features of that jurisdiction. Here, the Court addresses whether a motion to disqualify would constitute a pretrial motion that is (1) dispositive or non-dispositive, (2) requires consent, and/or (3) requires special designation. As discussed below, the Court finds that Judge Kennedy would have the authority to determine Manila's motion to disqualify because (1) it is a non-dispositive pretrial matter consistent with Section 636(b)(1)(A) that (2) does not require consent consistent with Ninth Circuit precedent and (3) that she has been delegated to determine pursuant to the Court's local rules.

First, Section 636 distinguishes a magistrate judge's authority to preside over pretrial non-dispositive motions from pretrial dispositive motions. Specifically, Section 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and *determine* any *pretrial matter* pending

3

before the court," except for certain motions such as motions for injunctive relief or summary judgment. 28 U.S.C. § 636(b)(1)(A) (emphases added). Rule 72(a) of the Federal Rules of Civil Procedure confirms this reading by its implementation of the provision stating: "When a pretrial matter *not dispositive* of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings." (Emphasis added). In contrast, Rule 72(b) provides the procedures for *dispositive* motions and prisoner petitions. This implements Section 636(b)(1)(B) which grants a magistrate judge authority to "conduct hearings, including evidentiary hearings, and to submit to a judge of the court *proposed findings of fact and recommendations for the disposition*" of those excepted motions in subparagraph (A), such as motions for injunctive relief or summary judgment. 28 U.S.C § 636(b)(1)(B) (emphasis added). Whereas subparagraph (A) allows for a magistrate judge to determine a pretrial non-dispositive motion, subparagraph (B) only allows a magistrate judge to submit a recommendation.[1]

A motion to disqualify based on an alleged conflict of interest may easily be characterized as a pretrial non-dispositive motion. *See* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3068.1 (3d ed. 2002) (noting that motions to disqualify counsel are "easily classified as 'pretrial'"). To be sure, ethical violations and/or sanctionable conduct to be determined by a magistrate judge must still be couched in a pre-trial non-dispositive matter or motion. *See Smith & Green Corp. v. Trustees of Const. Industry & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1102 (D. Nev. 2003) ("The Ninth Circuit has held that magistrate judges have jurisdiction to order non-dispositive Rule 11 sanctions." (citing *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)); *but cf. Freitas v. Thomas*, 2016 WL 310718, at *3 (D. Ariz. Jan. 26, 2016) (finding motion for sanctions in the form of dismissal of the case dispositive and precluding the magistrate judge to have authority to rule thereon); *Covington v. Patriot Motorcycles*

---

[1] One practical effect of this distinction is the standard of review and level of discretion by a district judge. "The distinction between a dispositive motion and a non-dispositive matter is significant for the standard of review." *Quatama Park Townhomes Association v. RBC Real Estate Finance, Inc.*, 365 F. Supp. 3d 1129, 1132 (D. Ore. 2019). A timely objection to a magistrate judge's recommendations on a dispositive motion will subject the recommendation to a de novo determination of those recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A timely objection to a magistrate judge's determination of a non-dispositive matter may only be rejected if the determination is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Thus, a magistrate judge's disposition on a non-dispositive matter is given greater deference.

*Corp.*, 2008 WL 1971388, at *1 (D. Ariz. May 2, 2008) ("If the sanctionable conduct is so egregious, however, to warrant imposition of a dispositive order, such as, striking a defendant's answer and entering default, a magistrate judge may only issue a report and recommendation to the assigned district judge."). Thus, although courts have an unquestionable duty "to examine the charge [of an ethical violation], since it is that court which is authorized to supervise the conduct of the members of its bar," a magistrate judge's disposition of that examination is dependent on the authority granted by federal law. *Erickson v. Newmar Corp.*, 97 F.3d 298, 303 (9th Cir. 1996). Nevertheless, courts have reasoned that with a motion to disqualify, a party "may continue to prosecute all of its claims against each of the [adverse parties], after obtaining new counsel." *Quatama*, 365 F.Supp.3d at 1133. As such, a magistrate judge may properly consider and determine a motion to disqualify brought before her. Although at the time Judge Kennedy directed the AAG's to brief the potential conflict of interest issue even though no motion to disqualify had been submitted, the Court perceives her efforts as an attempt to avoid an ethical violation by the AAGs. Therefore, the Court treats Manila's oral motion to disqualify based on the alleged conflict of interest in the AAGs' representation of Defendants as a pretrial non-dispositive matter.

In addition, consent is often understood to be "the touchstone of magistrate judge jurisdiction"; however, in the Ninth Circuit, the consent requirement has only been established for dispositive motions. *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003). Section 636(c) permits magistrate judges to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" provided certain conditions are met including "consent of the parties" and special designation "to exercise such jurisdiction." 28 U.S.C. § 636(c)(1). Consistent with this limitation, the Court's local rules mandate the parties' consent. Local Rule 72.1(c). But, again, the Ninth Circuit has found consent necessary only in those proceedings in which magistrate judges may order the entry of judgment in the case. While consent is absolutely required for dispositive motions, it is not required for non-dispositive pretrial motions as envisioned by Section 636(b)(1). "Notwithstanding subsection 636(c), the magistrate judge's jurisdiction over any pretrial nondispositive matters, including magistrate-recommended dispositions, is *not contingent on litigant consent*." *Anderson*, 351 F.3d at 917 (emphasis added).

Thus, where the CNMI OAG argues that Judge Kennedy's authority is "strictly circumscribed" by the requirement of consent, that argument fails as a matter of law.

Finally, the Court reviews the issue of whether special designation is required for pretrial non-dispositive motions. Both Section 636 and Rule 72 rather strongly suggest that designation or referral is required. *See* 28 U.S.C. § 636(b)(1)(A) ("a judge *may designate* a magistrate judge to hear and determine any [non-dispositive] pre-trial matter . . . ." (emphasis added)); Fed. R. Civ. P. 72(a) ("*When* a [non-dispositive] pretrial matter … *is referred* to a magistrate judge to hear and decide . . . . (emphases added)); *see also Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169 (9th Cir. 1993) ("[A] *reference* under 636(b) is limited to non-dispositive pretrial matters or recommendations on dispositive motions." (emphasis added)). Although a referral or designation may be required, courts have stated that the designation need not be via a formal order. *See Maisonville*, 902 F.2d 746, 748 (9th Cir. 1990) ("Here, an express referral is not found in the record. Nonetheless, we find that jurisdiction to order Rule 11 sanctions was implicitly referred to the magistrate judge when the case was automatically referred to him to decide 'any pretrial motions including discovery motions' pursuant to Local Rule 401-3."); *Smith & Green Corp.*, 244 F. Supp. 2d at 1102 ("Non dispositive motions are automatically referred to magistrate judges in this district pursuant to [Local Rule] IB 1-1 and [Local Rule] IB 1-3.").

A review of the Court's local rules reveals that the magistrate judge of this Court has been granted authority to preside over pretrial non-dispositive matters prescribed by 28 U.S.C. § 636(a). Local Rule 72.1 enumerates the various matters a magistrate judge may conduct including: "scheduling, settlement and pretrial conferences, … related pretrial proceedings in civil cases … [and] any additional duty not inconsistent with the Constitution and Laws of the United States." LR 72.1(a)(1), (16). Consistent with federal law, the Court's local rules dictate that a magistrate judge may be directed to submit a report of recommendations for case-dispositive motions. LR 72.1(d). But, importantly, on non-dispositive matters, "[t]he Clerk's Office *will schedule* all settlement conferences and all non-dispositive matters before a magistrate judge in cases assigned to designated judges *unless the designated judge directs otherwise* . . . ." LR 72.2(b) (emphasis added). Therefore, the referral of any non-dispositive motion—including a motion to disqualify—is effected automatically by operation of this local rule in cases presided over by a designated judge.

Consequently, the CNMI OAG's arguments that Judge Kennedy's appointment needed to be specifically designated are unpersuasive. Judge Kennedy acted within her scope of authority to inquire into and attempt to resolve the potential conflict of interest issue of Defendants' attorneys that arose during the settlement conferences. The undersigned's decision to assume authority over this matter because of the broader impact on Section 1983 matters in the CNMI does not curtail a magistrate judge's authority over non-dispositive matters. Section 636's enumerated categories of magistrate judge jurisdiction, the procedures articulated in the Federal Rules of Civil Procedure, and the Court's local rules reveal that Judge Kennedy would have been well within the ambit of her authority to decide this issue that arose in the context of the settlement conference.

### III.   CONCLUSION

In order to properly resolve the legal issues underlying the conflict of interest allegation made by Plaintiff, the Court ORDERS the OAG's Limited Appearance filings (ECF Nos. 107, 111, 114) be converted to a motion to intervene on behalf of the CNMI pursuant to Rule 24 of the Federal Rules of Civil Procedure. **Manila is instructed to file his motion to disqualify the OAG and/or the AAG's from representing Defendants** by **May 11, 2021**. **The OAG and the AAG's in this matter shall respond by May 25, 2021, and Manila shall reply by June 1, 2021**. **A hearing is scheduled for July 1, 2021 at 1:30 p.m. in the Third Floor Courtroom.** All pending discovery and other deadlines are suspended until further order of the Court.

IT IS SO ORDERED this 10th day of May, 2021.

RAMONA V. MANGLONA
Chief Judge