FILED
Clerk
District Court
AUG 25 2025
for the Northern Mariana Islands
By_____AM_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| REYNALDO ATRERO MANILA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT GUERRERO and JOSE K. PANGELINAN,<br><br>    Defendants. | Case No. 1:18-cv-00003<br><br>**ORDER TO SHOW CAUSE<br>AGAINST PLAINTIFF** |

  This civil action, initiated by Plaintiff Reynaldo Atrero Manila while he was an inmate at the Commonwealth of the Northern Mariana Islands Department of Corrections ("DOC") (FAC 1, ECF No. 5; *see* IFP Order 1, ECF No. 6), was dismissed with prejudice on December 19, 2023 pursuant to the stipulation of the parties after they achieved settlement. (ECF No. 223.) It is the Court's understanding that as a part of the settlement agreement, Manila would be released from DOC custody and allowed to return to his country of origin, the Philippines.

  Because Manila was an inmate when he initiated this civil action, the Court had found that he was required to pay the full filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), but assessed an initial filing fee of $0.00. (IFP Order 1–2.) To date, Manila has only paid $42.72 of the filing fee, leaving an outstanding amount of $357.28. (August 2025 Case Inquiry Report, ECF No. 232.) Under the PLRA, courts have no authority to waive any portion of the filing fee for actions initiated by prisoners as long as they remain in custody, even if the action has been settled or dismissed. *See Soares v. Paramo*, No. 3:13-cv-02971-BTM-RBB, 2018 WL 5962728, at *2 (S.D. Cal. Nov. 14, 2018).

However, most circuits agree that because different rules apply to plaintiffs who are not in custody, courts may waive the filing fee for plaintiffs who initiate civil actions as prisoners but are released before fully paying the filing fee. *DeBlasio v. Gilmore*, 315 F.3d 396, 398–99 (4th Cir. 2003); *In re Prison Litig. Reform Act*, 104 F.3d 1131, 1138–39 (6th Cir. 1997); *McGann v. Soc. Sec. Admin. Comm'r*, 96 F.3d 28, 30 (2d Cir. 1996); *Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013). The Court agrees with this approach, which has also been followed by other Ninth Circuit district courts. *See e.g.*, *Adler v. Gonzalez*, No. 1:11-CV-1915-LJO, 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), *report and recommendation adopted*, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015). The Court now issues this order against Manila directing him to show cause why the filing fee should not be collected. Plaintiff Manila may discharge this order by either 1) paying the remaining amount of the filing fee owed to the Court or 2) submitting a new application to proceed in forma pauperis reflecting his current financial circumstances, along with a sworn statement that he is no longer in DOC custody by **September 26, 2025**.

IT IS SO ORDERED this 25th day of August, 2025.

_____
RAMONA V. MANGLONA
Chief Judge