F I L E D
 Clerk
 District Court
OCT 29 2025
for the Northern Mariana Islands
By_____*AM*_____
 (Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| REYNALDO ATRERO MANILA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT GUERRERO and<br>JOSE K. PANGELINAN,<br><br>    Defendants. | Case No. 1:18-cv-00003<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO WAIVE FILING FEE AND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** |

Before the Court is Plaintiff's Motion to Waive Filing Fee (ECF No. 235), an accompanying Declaration of Reynaldo Artrero Manila in Support of Plaintiff's Motion to Waive Filing Fee (ECF No. 235-1), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 234), all filed on September 26, 2025.  In Plaintiff's Motion, Plaintiff, through counsel, notes that (1) Plaintiff still has an outstanding filing fee balance of $357.28; (2) the Court issued an Order to Show Cause dated August 25, 2025, directing Plaintiff to show cause why the remaining fee balance should not be collected; and (3) the Order to Show Cause provided that Plaintiff could discharge the Order to Show Cause by either paying the remaining fee balance or submitting a new application to proceed *in forma pauperis* alongside a sworn statement that he is no longer incarcerated. (Pl.'s Mot. 2, ECF No. 235; *see also* Order to Show Cause Against Pl., ECF No. 233.)  Plaintiff asserts that he has satisfied the conditions for discharging the Order to Show Cause through the filing of his Application to Proceed and his

Declaration, and accordingly requests the Court waive the outstanding fee balance and discharge the Order to Show Cause.

The Court finds that Plaintiff has met the conditions for discharging the Order to Show Cause and waiving the remaining fee balance. Plaintiff has submitted a new application to proceed *in forma pauperis*, in which he declares under penalty of perjury that he is currently unemployed and has no other income or monetary assets except for a bank account with ₱1,200 in Philippine pesos.[1] (Appl., ECF No. 234.) In addition, Plaintiff has submitted a declaration, in which he declares that he was released from the custody of the Commonwealth of the Northern Mariana Islands Department of Corrections in March 2021 and currently does not earn any income or have any assets. (Decl. ¶¶ 4-7, ECF No. 235-1.) The Court further notes that to the extent there may be a split in authority concerning a former prisoner's liability for fees owed prior to release, *see Adler v. Gonzalez*, No. 1:11-cv-1915-JLO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (comparing cases), *report and recommendation adopted*, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015), the split in authority is not material here in view of the settlement of Plaintiff's claims and Plaintiff's representations establishing his eligibility for *in forma pauperis* status after release. *See, e.g.*, *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("*Unsuccessful litigants are liable for fees and costs and must pay when they are able* . . . . What excuses further prepayment after release, if the former prisoner is destitute, is . . . [28 U.S.C. § 1915(b)(4)]." (emphasis added)); *In re Smith*, 114 F.3d 1247, 1252 (D.C. Cir. 1997) ("Nothing in [28 U.S.C. § 1915(b)(4) overrides the court's obligation to 'assess and, *when funds exist*, collect' § 1915(b)(1), applicable fees from petitioners who, though lacking assets at the time of filing, *subsequently gain means*, either in their prison account or after release." (emphases added)).

---

[1] Approximately $20 U.S. dollars. *See* Bloomberg, *PHILIPPINES PESO (PHP) Spot Rate* (Oct. 29, 2025, 4:09 p.m. ChST), https://www.bloomberg.com/quote/PHP:CUR (exchange rate of $1 to ₱58.7280).

Accordingly, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 234) and Plaintiff's Motion to Waive Filing Fee (ECF No. 235) are GRANTED, Plaintiff's total outstanding filing fee balance of $357.28 is WAIVED, and the Order to Show Cause Against Plaintiff (ECF No. 233) is DISCHARGED.

IT IS SO ORDERED this 29th day of October, 2025.

                                    /s/ Ramona V. Manglona
RAMONA V. MANGLONA
Chief Judge